# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

DAVID BENOIT MECH )
d/b/a THE HAPPY/FUN MATH TUTOR, )
     )
    Plaintiff, )
     )
v. )
     )
SCHOOL BOARD OF PALM BEACH )
COUNTY, )
THE SCHOOL DISTRICT OF PALM BEACH )
COUNTY, )
E. WAYNE GENT, in his official capacity, )
CONSTANCE TUMAN-RUGG, in her official )
capacity, )
GERALD RIOPELLE, in his official capacity, )
WILLIAM LATSON, in his official capacity, and )
PETER SLACK, in his official capacity, )
     )
    Defendants. )
     )
     )
     )
     )
_____ )

FILED by _____ D.C.

APR 30 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

**13-CV-80437-MIDDLEBROOKS/BRANNON**
Civil Action No: _____

**COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §§ 1983 AND 1988 FOR DAMAGES, INJUNCTIVE, AND DECLARATORY RELIEF**

Plaintiff, DAVID BENOIT MECH d/b/a THE HAPPY/FUN MATH TUTOR, hereby files this Complaint for damages, injunctive relief and declaratory relief against Defendants the SCHOOL BOARD OF PALM BEACH COUNTY, the SCHOOL DISTRICT OF PALM BEACH COUNTY, E. WAYNE GENT, Officially, CONSTANCE TUMAN-RUGG, Officially, GERALD RIOPELLE, Officially, WILLIAM LATSON, Officially, PETER SLACK, Officially, (collectively "Defendants") and hereby alleges as follows:

## INTRODUCTION

1.      Pursuant to the United States Constitution, the federal Declaratory Judgment Act (28 U.S.C. §§ 2201-02), and the federal Civil Rights Act of 1871 (42 U.S.C. §§ 1983 and 1988) to obtain declaratory, injunctive and compensatory relief. The Plaintiff seeks a declaratory judgment that Defendants adopted and are maintaining a policy and practice, in violation of federal statutory and constitutional law, that prohibits David Mech d/b/a The Happy/Fun Math Tutor and other disfavored advertisers from advertising on the premises of public secondary schools within The School District of Palm Beach County on terms equal to those afforded favored advertisers, which have been allowed, and which continue to be allowed, to advertise on the premises of those schools. Further, the Plaintiff seeks an injunction prohibiting Defendants from continuing to violate the Plaintiff's rights under the United States Constitution, as well as compensatory, consequential, statutory, and special damages, as well as exemplary damages, together with pre and post judgment interest, for violation of the Plaintiff's constitutional rights and breach of contract.

## JURISDICTION AND VENUE

1.      Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and 1988 for violation of his rights under the First Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution.

2.      This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202, and injunctive relief pursuant to Feb R. Civ. P. 65.  A declaration of law is necessary to determine respective rights and duties of the parties.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claim because that claim is so related to the federal claims that it forms part of the same case or controversy.

3.     Venue is proper in this court under 28 U.S.C. § 1391(b) because the Defendants either reside in this district or a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

**PARTIES**

4.     Plaintiff, DAVID BENOIT MECH d/b/a THE HAPPY/FUN MATH TUTOR ("Mech"), is an individual who resides in Boca Raton, Florida who was an advertiser at several schools within the boundaries of the School District of Palm Beach County.

5.     Defendant, SCHOOL BOARD OF PALM BEACH COUNTY (the "Board" or "School Board") is a governmental entity organized under the laws of the State of Florida and located in Palm Beach County and, at all times material hereto, controlled and operated the public secondary schools at issue within The School District of Palm Beach County, including Omni Middle School, Boca Raton Community Middle School, and Spanish River Community High School. The Board also is a person within the meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times relevant to this complaint.

6.     Defendant, THE SCHOOL DISTRICT OF PALM BEACH COUNTY (the "District") is a political subdivision of the State of Florida and, at all times material hereto, oversaw the administrative and operational functions of the public secondary schools at issue within Palm Beach County, including Omni Middle School, Boca Raton Community Middle School, and Spanish River Community High School. The District is a person within the meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times relevant to this complaint.

7.     At all times material hereto, Defendant, E. WAYNE GENT ("Gent") was the Superintendent of the School District of Palm Beach County; Defendant CONSTANCE TUMAN-RUGG ("Rugg"), was the Area Superintendent of the District with specific oversight

of the aforementioned schools; Defendant GERALD RIOPELLE ("Riopelle") was the principal of Omni Middle School, located within the District; Defendant WILLIAM LATSON ("Latson") was the principal of Spanish River Community High School; Defendant, PETER SLACK ("Slack") was the principal of Boca Raton Community Middle School.

8.     Plaintiff sues Defendants Board and District, and also sues Defendants Gent, Rugg, Riopelle, Latson, and Slack in their official capacities. All defendants were acting under color of law at all times relevant to this complaint.

## FACTUAL BACKGROUND

9.     At all times material hereto, the District has solicited and posted paid advertising from local businesses and individuals. Advertisers pay the District money in exchange for advertising space on District school property for a fixed period of time.

10.     Plaintiff Mech initially contacted Omni Middle School, Spanish River Community High School, and Boca Raton Community Middle School regarding advertising opportunities after he noticed several banner advertisements on the school fences.  Mech was encouraged to advertise by school representatives, including Gerald Burke (Boca Raton Community Middle School), Sandy Quinter (Omni Middle School), Sheryl Stiefel (Spanish River Community High School), and Frances Donadio (Spanish River Community High School). School representatives sent Mech paperwork to complete, which included the business name to be advertised, name of the business owner, and the business phone number, address, email, etc. (*See* Exhibits A & B).

11.     Mech completed and mailed the required paperwork, along with an enclosed check, to each school, at which time the school processed the application and subsequently

created and displayed the banner. An example of one of the completed agreements is attached as Exhibit C.

12.     Mech has no criminal background, a prime credit score, and is a taxpaying property owner in Boca Raton, FL.

13.     Mech provides a mobile math tutoring service, in his individual capacity, under the fictitious business name, "The Happy/Fun Math Tutor." The objective of the business is to help students improve their math skills, which subsequently improves student confidence, test scores, and increases the likelihood of students being admitted into top universities.  There is no "on-site" tutoring at any location that Mech owns or rents.  Mech meets clients in public libraries, cafes, bookstores, and, their homes.  Since he travels to his clients, Mech limits the geographic region that he covers to the area north to Linton Blvd., south to Glades Road, west to Lyons Road, and east to Military Trail.

14.     Given that Mech is a math tutor for students from 6th grade up and considering the region which he can feasibly cover as a mobile tutoring service, Omni Middle School ("Omni") and Spanish River Community High School ("Spanish River") are both critical advertising locations for Mech's tutoring service, since all of the middle and high school students living in his area are zoned to those schools.  Students from Spanish River and Omni currently make up 50% of Mech's clients.

15.     Mech's tutoring service offers students help with arithmetic, pre-algebra, algebra 1, algebra 2, geometry, trigonometry, pre-calculus, and calculus, all of which are courses offered, and in some cases required, at the District's schools, and all of which are, therefore, consistent with the education mission of the District and the Board.

16.     Mech's background qualifies him to tutor math.  He holds a Bachelor's degree in Finance from Michigan State University, a Master's degree in Information Management from Arizona State University, and is currently enrolled in a PhD program in Computer Science at Florida Atlantic University.  In addition, Mech is an adjunct professor teaching Developmental Mathematics at Palm Beach State College and has successfully passed the Grade 6-12 Mathematics component of the Florida Teacher Certification Examinations (FTCE).

17.     In addition to tutoring, Mech has other businesses.  All of Mech's businesses operate as completely separate entities, with separate websites, email addresses, EINs, and telephone numbers.  The only thing his business' share is a mailing address, which is a privately staffed postal center used for receiving packages and other correspondence.

18.     Mech is a licensed Florida real estate sales associate and has been practicing, without incident, since 2010 (License Number: SL3234861).

19.     Mech is also the managing member of Dave Pounder Productions LLC ("DPP"), a former adult media production company, which organized under the laws of the State of Florida in 2007 (document number: L08000002730). Prior to organizing in Florida, DPP was a California company.

20.     DPP is no longer involved in the production of explicit adult media. The last adult film that DPP produced was in 2008.  DPP's only projects are: 1) a mainstream documentary project about the psychological, economic, and health impacts of performing in the adult industry (see RiskyBusinessTheMovie.com); and 2) a mainstream book utilizing sociology, psychology, and economic theory in analyzing relationships. The documentary has been "officially selected" at several mainstream film festivals for 2013, and the book is slated for

publication by the CreateSpace Independent Publishing Platform and will be distributed this summer by Amazon.com.

21.   The DPP company website does not contain or link to any explicit adult media.

22.   Mech has never sought, nor will he seek, advertisement of DPP with the District.

**TUTORING ADVERTISEMENTS**

23.   At all times material hereto, Mech was a party to multiple advertising agreements with the District, including separate agreements with Omni Middle School, Boca Raton Community Middle School, and Spanish River Community High School.

24.   Since 2010, pursuant to those advertising agreements, Mech has been advertising, without any issues or complaints, his math tutoring service at Omni Community Middle School, Boca Raton Community Middle School, and Spanish River High School.

25.   The advertisements consisted of banners attached, by District personnel, to fences at the various schools.  The banners, which were paid for by Mech, were consistent in size, color, lettering, and content with District requirements.  An approved proof of each of the banners is attached hereto as Composite Exhibit D.

26.   After being accepted and displayed by the District for over two (2) years, in February 2013, the respective principals at the aforementioned schools breached those advertising contracts by removing Plaintiff's banner advertisements and threatening to dispose of them if they were not picked up within fifteen (15) calendar days.

27.   Mech received two separate undated letters, one from Defendant Riopelle of Omni and one from Defendant Latson of Spanish River, stating that Mech's banner advertisements were removed pursuant to School Board policies 7.151(1) and 7.151(2) (h). *See* Exhibits E & F.

School Board Policy 7.151(1) provides:

Purpose. -- The District recognizes that athletic sponsors and other business partners provide a vital role in sponsorship of key programs within our schools. As such, schools have increased needs to visibly recognize these partners in the community. In the interests of community aesthetics and in consideration of local ordinances that may prohibit or restrict banners and advertising, these uniform standards have been developed. By permitting the recognition of business partners on school campuses, it is not the intent of the School Board to create or open any Palm Beach County School District school, school property or facility as a public forum for expressive activity, nor is it the intent of the School Board to create a venue or forum for the expression of political, religious, or controversial subjects which are inconsistent with the educational mission of the School Board or which could be perceived as bearing the imprimatur or endorsement of the School Board.

School Board Policy 7.151(2)(h) provides:

In keeping with the express purpose of this Policy not to create or open schools as a public forum for expressive activity, Principals shall use their discretion in selecting and approving business partners that are consistent with the educational mission of the School Board, District and community values, and appropriateness to the age group represented at the school.   Examples of inappropriate business partners include but are not limited to: businesses that sell goods or services which are illegal if possessed by or sold to a minor, adult entertainment establishments, businesses whose primary source of revenue is generated from the sale or distribution of alcohol or tobacco products, tattoo parlors, pain clinics and businesses soliciting addicts.

28.    On February 25, 2013, Mech sent a response letter via United States Certified Mail to Defendant Superintendent Gent, and copied Defendants Rugg, Riopelle, Laston, and Slack, explaining why removal of the advertisements were unjustified and, therefore, a breach of contract and in violation of Mech's First and Fourteenth Amendment rights. *See* Exhibit G.

29.    Mech received a response letter via United States First Class Mail dated March 15, 2013 from the District's general counsel, Sheryl G. Wood, supporting the decision to remove

Mech's tutoring banners. *See* Exhibit H. The District has refused to restore the banners to their previous locations.

30.     Mech's math tutoring advertisements do not violate any portion of School Board policy 7.151(1) or policy 7.151(2)(h).

31.     The advertisements do not express opinions, or address political, religious, or any other controversial subjects which are inconsistent with the education mission of the School Board. Rather, a math tutoring service, which is all that is advertised, is perfectly consistent with the educational mission of the school board.

32.     Mech's math tutoring advertisements are age-appropriate, consistent with community values, and most definitely consistent with the educational mission of the school district and school board.

33.     The advertisements are not for an adult entertainment company; they do not advertise a business that generates income from the sale or distribution of alcohol or tobacco products; they do not advertise tattoo parlors; they do not advertise pain clinics; they do not advertise a business that solicits addicts; and they do not advertise a business that sell goods or services that are illegal if possessed by a minor. Rather, the advertisements are for a math tutoring service, which is an ideal service to advertise at a school.

34.     Mech has no duties under School Board Policy 7.151(2) (h), which confers a duty upon the principals of the school, not Mech, to vet the businesses with whom the District partners. In this case, Mech was selected, approved and a contract entered. Nothing in regard to Mech's unrelated business has changed since the time the contracts were executed.

35.     Defendants illegally extend School Board policies 7.151(1) and 7.151(2) (h) beyond what is set out in the clear language of the Rules to an advertiser's other lawful,

independent businesses.   If Defendants are genuinely concerned about the nature of external, unrelated businesses own by advertisers, the Rules need to so reflect.

36.     Defendants maintain that their agreements with advertisers are "donations," yet the advertising agreements meet all of the legal requirements of a contract.

37.     The District displays banner advertisements for entities such as Journey Church (displayed at Spanish River Community High School), which is an advertisement that directly violates the religious component expressed in 7.151(1). *See* Exhibit I. Further, Olympic Heights High School, another District school, has a banner advertisement for Miller's Ale House, which is an advertisement in violation of the prohibition on advertisements for alcohol; however, the District has singled-out Mech's math tutoring advertisements for illegal removal due to an indirect association to an adult media company.

38.     Riopelle and Latson's Letters identify the shared mail drop as the sole "link" between Mech's tutoring company and DPP.   They assert that the shared address violates "community values" because one of those companies, DPP, produced adult media in the past. Notably, the banners did not advertise DPP or adult media—they advertised math tutoring. This is an overt attempt to twist District policies to apply them in an inequitable manner.

39.     Defendants improperly classify some advertisers that are "not policy compliant" as "policy compliant" and those that are "non-academic" related advertisers to allow those advertisers to remain on school premises at public secondary schools within the District, notwithstanding their written "policies."   In both these ways, Defendants have created a limited open forum at the public secondary schools within the District, notwithstanding Defendants' written "policy" purporting not to allow such a limited open forum. Such a limited open forum exists at the present time at almost all of the public secondary schools within the District.

40.     By forbidding advertisers who associate with businesses whose speech Defendants disfavor (including Mech) to advertise on the same terms and conditions as advertisers Defendants prefer (such as Journey Church and Miller's Ale House), Defendants have denied those disfavored advertisers, like Plaintiff, equal access to the schools' limited open forum and Defendants have discriminated against those disfavored advertisers on the basis of the content of the speech of their other completely separate businesses.

41.     Defendants have not established or applied clear or consistent, content-neutral criteria for determining which advertisers will be allowed to use the limited public forum Defendants have created. To the contrary, Defendants improperly have afforded themselves unlimited discretion, have applied vague standards, and have acted arbitrarily and in a biased manner in deciding which advertisers will be allowed to use the limited public forum.

42.     The District is a public entity, and, therefore, cannot violate the first and fourteenth amendments.  The Defendants' decisions to specifically target Mech, in addition to their preemptive, arbitrary, and unilateral decisions to remove Mech's math tutoring banner advertisements, without ever consulting Mech, violated Mech's First and Fourteenth Amendment rights, protecting freedom of speech, freedom of expression, freedom of association, and his right to due process and equal protection under the law.

43.     Prior to the banners being removed by Defendants, Mech received approximately four new tutoring clients per month from each banner. This data is gathered from the "Schedule a Session" form, which all new clients are required to fill out, located on the company website (www.HappyFunMathTutor.com). After an initial session, approximately 75% of these students decide to purchase long-term subscription plans (either 10 hours @ $550, or 20 hours @ $1,000),

and about 75% of those clients continue to renew their subscription plans for several periods or indefinitely.

44.     Plaintiff has no adequate remedy at law, because the denial of Plaintiff's constitutional rights cannot be remedied through legal relief.

45.     Unless enjoined by this Court, Defendant's biased, unequal, inconsistent, and improper interpretation and application of District policies will continue to irreparably infringe on Mech's constitutional rights and fundamentally interfere with his ability to earn a livelihood; restoring the advertisements to their original locations and precluding Defendants from removing the advertisements again or otherwise targeting Mech, including refusing to consider future requests for renewal on this basis, is required to redress the violation of Mech's constitutional rights.

## FLORIDA EDUCATION PRACTICES COMMISSION DECISION

46.     In January 2011, the Miami-Dade Public School District suspended and subsequently fired Shawn Loftis, a teacher at Nautilus Middle School, when the principal learned of his past experience as a producer and performer in adult films (*see* Exhibit J). In April, 2011, his teaching certification was revoked. Mr. Loftis successfully challenged the dismissal.  On March 9, 2012, the Florida Education Practices Commission in Orlando ruled that Mr. Loftis can go back to teaching. "A part-time teacher's gay porn past isn't reason enough to keep him out of the classroom," according to Florida education officials. "He could even turn it into a full-time job," the commission held. The commission said his past pursuits were not illegal and the school did not have the authority to dismiss him on that basis. Since the Florida Education Practices Commission ruled that it is acceptable for a person with an adult media past to be employed by the school district and to teach in

the classroom, then the District can't legally argue that Mech's math tutoring banner advertisements are inappropriate due to an indirect association to an adult media company.

## CAUSES OF ACTION

### FIRST CLAIM OF RELIEF (COUNT I):

**FREEDOM OF EXPRESSION AND ASSOCIATION and RIGHTS TO DUE PROCESS AND EQUAL PROTECTION**
**(VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION)**

47.     Plaintiff hereby incorporates paragraphs 1 through 46 above as though fully set forth herein.

48.     The First Amendment of the United States Constitution guarantees individuals the right to associate and express themselves without fear of reprisal from their government.

49.     This guarantee prohibits the government, when soliciting advertising, from removing or refusing to accept advertisements of citizens because of their ideas, views, or affiliations.

50.     Defendants are governmental bodies and government officials and are, therefore, subject to the Fourteenth Amendment to the United States Constitution, as well as to the First Amendment to the United States Constitution by virtue of the Fourteenth Amendment to the United States Constitution.

51.     Under the First Amendment to the United States Constitution, Defendants may not abridge the freedoms of expression or association of citizen advertisers, including Plaintiff, at public secondary schools within the District.

52.     Under the Fourteenth Amendment to the United States Constitution, Defendants may not deny due process of law or equal protection of the laws to citizens or community business partners advertising at public secondary schools within the District, including Plaintiff.

53.     The Plaintiff has a strong liberty interest in exercising his rights to speak freely and associate freely on an equal basis with advertisers that Defendants allow to advertise on the premises of public secondary schools within the District.

54.     Through their conduct, Defendants have created and are maintaining a limited public forum, within the meaning of the case law interpreting the First Amendment to the United States Constitution, at public secondary schools within the District, including Omni Middle School, Boca Raton Community Middle School, and Spanish River High School.

55.     Defendants have violated and are continuing to violate Plaintiff's freedoms of expression and association under the First and Fourteenth Amendments to the United States Constitution and the Plaintiffs' rights to due process of law and equal protection of the laws under the Fourteenth Amendment to the United States Constitution in several ways: by prohibiting access to Plaintiff at the limited public forum created and maintained by Defendants at the public secondary schools within the District; by providing an opportunity for one or more "non-curriculum" advertisers to advertise on the premises of public secondary schools in the District (*see* Exhibit K), while denying equal access to and discriminating against advertisers who wish to advertise on the same terms, including the Plaintiff, on the basis of the content of speech of completely separate and unrelated businesses and viewpoints expressed by those advertisers and/or their associated businesses; by failing to establish and apply clear and consistent, content-neutral criteria for determining which advertisers will be allowed to use the limited public forum Defendants have created; and by affording themselves unlimited discretion, applying vague standards, and acting arbitrarily and in a biased manner in deciding which advertisers will be allowed to use the limited public forum Defendants have created.

56.     In this case, Defendants, officially acting on behalf of or constituting a governmental entity, by removing and refusing to renew Mech's math tutoring advertisements, violated Mech's clearly established First Amendment right to freedom of speech and freedom of association, as well as Mech's clearly established Fourteenth Amendment right to due process and equal protection under the law.

57.     As reflected in the Latson and Riopelle Letters, and confirmed by the Wood Letter, Plaintiff's advertisements were removed by Defendants due to Plaintiff's association with a perfectly lawful adult media company.  It was the type of media that DPP had produced that the District found objectionable.  Therefore, Defendants actions were based solely on the content of what Plaintiff's other company had produced, which is a clear violation of Plaintiff's first amendment rights to freedom of expression and association without fear of reprisal from governmental entities.

58.     Defendants' actions, taken in violation of the First and Fourteenth Amendments to the United States Constitution, violate the federal Civil Rights Act of 1871, 42 U.S.C. 1983 and 1988.

59.     The essential guarantee of the Due Process Clause of the United States Constitution is that of fairness: Government processes must be fair and impartial.

60.     The manner in which Defendants are applying School Board policies 7.151(1) and 7.151(2) (h) violates the Equal Protection Clause by discriminating against certain individuals in a manner that implicates a fundamental right.

61.     The manner in which Defendants are applying School Board policies 7.151(1) and 7.151(2) (h) violates the Due Process Clause by vesting unbridled discretion in the Defendants for approving or disapproving advertisements.

62.    Defendants' summary practice of arbitrarily removing advertisements violates the Due Process Clause by failing to give advertisers notice of wrongdoing and a meaningful opportunity to be heard.

63.    When a governmental entity accepts advertising, due process forbids it from changing or extending the parameters of acceptable advertising.

64.    In this case, the Defendants had an existing advertising guideline that pertained to direct advertisements and are now arbitrarily extending the definition to include unrelated, indirect associations to the primary product or service being advertised.

65.    The Due Process and Equal Protection Clauses also prohibit arbitrary and capricious governmental decision-making in removing advertisements or applying one standard to some advertisers and another standard for others.

66.    In this case, the District accepted advertisements from religious institutions and from companies that offer products which are illegal if possessed by a minor (*e.g.*, ale) but purports to have found that advertisements for tutoring services by Plaintiff are a violation because the company shares a mailing address with a company that used to produce adult entertainment.

67.    As a result of Defendants' violations of the First and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, the Plaintiff has suffered and continues to suffer injury.

68.    Pursuant to 42 U.S.C. § 1983, the Plaintiff is entitled to injunctive relief prohibiting Defendants from: interfering in any way with the Plaintiffs' right to use the limited public forum Defendants have created on the same terms as Defendants have allowed advertisers such as Journey Church and Miller's Ale House; discriminating against the Plaintiff on the basis of the content of the speech of his completely separate businesses; and restricting the Plaintiff's

freedom of expression or association other than through the application of established, clear, content-neutral, unbiased, non-arbitrary standards that are consistently applied to all advertisers using or seeking to use the limited public forum Defendants have created.

69.    Pursuant to 42 U. S. C. § 1983, the Plaintiff is entitled to compensatory damages against Defendants and, in at least a nominal amount, for the violation of the Plaintiff's rights and the injuries Defendants have caused.

70.    An actual controversy has arisen and now exists between the Plaintiff and Defendants. The Plaintiff contends that a limited public forum exists at the public secondary schools within the District and that Defendants unconstitutionally have denied equal access to that forum to, and discriminated against, the Plaintiff and all other lawful advertisers that are being precluded from advertising on the premises of public secondary schools within the District by Defendants' policy and practice, in violation of the First and Fourteenth Amendment's guarantees of freedom of expression and association and the Fourteenth Amendment's guarantees of due process of law and equal protection of the laws. Defendants dispute these contentions and take the position that their policy and practice are constitutional.

71.    Pursuant to 42 U. S. C. § 1983 and 28 U.S.C. §§ 2201-02, the Plaintiffs are entitled to a declaration that District policies 7.151(1) and 7.151(2) (h) are unconstitutional, or, in the alternative, the manner in which Defendants' are interpreting and applying those policies is unconstitutional.

## SECOND CLAIM OF RELIEF (COUNT II)
## BREACH OF CONTRACT

72.    Plaintiff hereby incorporates paragraphs 1 through 46 above as though fully set forth herein.

73.     An actual controversy has arisen and now exists between the Plaintiff and Defendants.

74.     The advertising agreements entered into between the parties constitute valid and binding contracts.

75.     Plaintiff has paid the required amount under those contracts, and, as such, has performed.

76.     Defendants have breached the contracts by removing the advertisements without valid cause.

77.     As a result of Defendants' contract breaches, Plaintiff has and will continue to be damaged.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff, DAVID BENOIT MECH d/b/a THE HAPPY/FUN MATH TUTOR, with regard to both claims, respectfully requests this Court enter final judgment and a permanent injunction in favor of Plaintiff and against Defendants, as follows:

A.      Declare that:

      a.   Defendants' action in removing Plaintiff's math tutoring advertisements a violation of Plaintiff's First and Fourteenth Amendment rights;

      b.   the Districts advertising agreements are indeed legally enforceable contracts and not merely donations;

      c.   School Board policies 7.151(1) and 7.151(2) (h) may not be used to bar otherwise lawful advertisements based on unrelated, independent businesses or activities of the advertisers that are not related to the advertised business; and

d.   the rights and responsibilities of the parties to this action under the First and Fourteenth Amendments to the United States Constitution, and particularly declaring that a limited public forum exists at the public secondary schools within the District and that Defendants unlawfully have denied equal access to that forum and discriminated against the Plaintiff and all other lawful advertisers that are being precluded from advertising on the premises of public secondary schools within the District by Defendants' policy and practice;

B.   Issue an injunction affirmatively requiring Defendants to resume posting Plaintiff's compliant advertising banner; Grant preliminary and permanent injunctive relief in Plaintiff's favor prohibiting Defendants from:

a.   removing Plaintiff's math tutoring advertisements from permitted public advertising forums and from denying Plaintiff future advertising opportunities and contract renewals based on impermissible violations of constitutional protections;

b.   interfering in any way with Plaintiff's right to use the limited public forum Defendants have created on the same terms as Defendants have allowed other advertisers to use it; and

c.   discriminating against Plaintiff on the basis of the content of the speech and viewpoints expressed by Mech or his associated businesses, and limiting the Plaintiff's freedom of expression or association other than through the application of established, clear, content-neutral, unbiased, non-arbitrary criteria that are consistently applied to all advertisers using or seeking to use the limited public forum Defendants have created;

     C.     Award Plaintiff compensatory, consequential, statutory, and special damages against Defendants, including, without limitation, Plaintiff's lost profits, loss of goodwill and damage to his business reputation, as well as exemplary damages, together with pre and post judgment interest, as provided by law;

     D.     Order Defendants to extend Plaintiff's current advertising contracts into the next academic school year by the number of days Defendants improperly prevented the banners from being displayed; and

     E.     Grant such further and different relief as this Court deems just and proper.

Dated this 30th day of April, 2013.

Respectfully submitted by:

DAVID BENOIT MECH
d/b/a THE HAPPY/FUN MATH TUTOR
2901 Clint Moore Road #319
Boca Raton, FL 33496
Phone: (561) 459-2058
Email: HappyFunMathTutor@gmail.com

By: _____
       David B. Mech
       *Pro Se Plaintiff*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _04/30/2013_____

_____
        David B. Mech, Plaintiff



OFFICE OF COMMUNITY INVOLVEMENT
## Business Partnership Agreement



Palm Beach County

**BUSINESS OR ORGANIZATION TITLE**  HAppy Fun Math Tutor.Com

**DESIGNATED SCHOOL OR SCHOOLS**  OMNI MIddLE School

**BUSINESS PROJECTOR ACTIVITY**

- [x] Increase Academic Achievement - Read to students, tutor, provide technical expertise, display student work
- [ ] Enhance the Learning Environment - Mentor students, provide time for employees to volunteer, field trips
- [ ] Career awareness - Offer job shadowing, internships, career fair or career day, career materials
- [ ] Take an Advisory Role - Be a member of a School Advisory Council, participate on a curriculum committee
- [ ] Faculty or Staff Development - Invite teachers to in-house training seminars, provide job shadowing for teachers
- [ ] Donor / Sponsorships - Donate supplies or equipment, scholarships, sponsor events or field trips
- [ ] Other *(describe)*

**SCHOOL RECIPROCAL ACTIVITIES**

- [x] Recognition on marquee, newspaper, etc.
- [ ] Notes from students
- [ ] Invitations to special school programs
- [ ] Free tickets to school events & programs
- [ ] Appreciation programs
- [ ] Specific feedback regarding impact of partnership on students and school
- [ ] Other *(specify)*

- [ ] School T-shirt & spirit items
- [ ] Musical performances for partner
- [ ] Communication of school events
- [ ] Assist with company special events

**BUSINESS/ORGANIZATION PARTNER**

CONTACT PERSON  David MECH

PERSON'S TITLE  OwnER/pARtnER

ADDRESS  2901 Clint Moore RoAd # 319
(street, city, state, zip)  BocA RAtton, FL 33496
561-459-2058 (office)

PHONE NUMBER ( 949 ) 510 - 8159 (cell)

FAX NUMBER ( 255 ) 540 - 8159 (e-FAX)

E-MAIL  HAppyFunMathTutor @ GMAIL.com

**SCHOOL/DISTRICT OFFICE**

ADMINISTRATOR'S NAME

SCHOOL/LIAISON

ADDRESS
(street, city, state, zip)

PHONE NUMBER (          )

FAX NUMBER (          )

E-MAIL

*The above business (organization) and educational facility do hereby agree to create an educational partnership which will enhance and improve the quality of education and meet the needs of the students, educators, and the community.*

SIGNATURE OF BUSINESS PARTNER            DATE  12/9/10

SIGNATURE OF SUPERINTENDENT OR PRINCIPAL            DATE

PBSD 1570 (REV. 4/13/2004)   ORIGINAL - School Office   COPY - Area Coordinator's Office   COPY - Business Partner

28





The Happy/Fun Math Tutor
David Mech
2901 Clint Moore Rd #319
Boca Raton, FL 33496
(949) 510-8159 (Mobile)
(561) 459-2058 (Office)
HappyFunMathTutor@gmail.com
www.HappyFunMathTutor.com

# ADVERTISE



On the Fence

## Advertise in front of OMNI MIDDLE SCHOOL for **1 year**

### 4 x 8
### $500

***Important Information:***
- Price does not include the cost of the sign or installation
- Signs must be constructed conforming to Palm Beach County School District specifications. Manufacturer must be an approved sign vendor of Palm Beach County School District.
- Sign colors must be Pantone Green 3435c and the text color shall be Pantone Tan 460c.
- Font style and style shall be consistent on all banners and letters shall be no more than 4 inches and no less than 6 inches in height.
- Text shall contain name of sponsor and the phrase "A Partner in Excellence."
- The principal must approve a final proof (email: daoust@mail.palmbeach.k12.fl.us)
- At your discretion, you may remove your sign prior to any storms in the area. If you choose to remove your sign and have it re-hung, it should be replaced in the same location.
- Omni will not be responsible for any damage due to weather, acts of vandalism or any other acts beyond our control.

| | |
|---|---|
| Business Name: | HAPPY / FUN   MATH TUTOR |
| Contact Name: | DAVID MECH |
| Address: | 2901 CLINT MOORE RD. #319 |
| Address: | BOCA RATON, FL 33496 |
| Phone #: | 561-459-2058   Fax #: 257-540-8153 |
| Email: | HAPPYFUNMATHTUTOR@GMAIL.Com |
| Signature: | Date: 5/6/11 |

**For more information contact us at omniptsa@yahoo.com or call OMNI at (561)989-2800**

Send checks to OMNI PTSA: 5775 Jog Rd, Boca Raton, FL 33496

## THANKS FOR SUPPORTING OMNI MIDDLE SCHOOL!

ADVERTISE: 7/1/11 - 6/30/13



EXHIBIT B

# EXHIBIT C [1 of 5]



THE SCHOOL DISTRICT OF PALM BEACH COUNTY
OFFICE OF COMMUNITY INVOLVEMENT

## Business Partnership Agreement

This agreement is completed by the school/department administrator or liaison. Print the form after completion and choose submit in the drop down menu at the bottom of the form. Click Go to submit data to the Office of Community Involvement. DO NOT CLOSE the form until you have printed and submitted the form. The principal/director and business organization sign the printed copy and the school keeps the original.

### SCHOOL/DISTRICT OFFICE

Designated School or Department Number __1491__ Name __Boca Raton Community Middle School__

Administrator __Peter Slack, Principal__ Liaison __Gerald Burke, Athletic Director__

Address (street, city, state, zip) __1251 N.W. 8th St., Boca Raton, FL. 33486__

Phone __(561) 416-8700__ FAX __(561) 416-8777__ E-mail __gerald.burke@palmbeachschools.org__

### BUSINESS/ORGANIZATION PARTNER

Business or Organization Title __THE HAPPY/FUN MATH TUTOR__

Contact __Dave Mech__ Title __OWNER__

Address (street, city, state, zip) __3901 Clint Moore Rd. #319__

Phone __561-459-2058__ FAX _____ E-mail __HAPPYFUNMATHTUTOR@gmail.com__

### BUSINESS PROJECT OR ACTIVITY

**What type(s) of partnership support will this partnership provide (check all that apply)**

- [ ] Increase Academic Achievement - Read to students, tutor, provide technical expertise, display student work
- [ ] Enhance the Learning Environment - Mentor students, provide time for employees to volunteer, field trips
- [ ] Career awareness - Offer job shadowing, internships, career fair or career day, career materials
- [ ] Take an Advisory Role - Be a member of a School Advisory Council, participate on a curriculum committee
- [ ] Faculty or Staff Development - Invite teachers to in-house training seminars, provide job shadowing for teachers
- [x] Donor / Sponsorships - Donate supplies or equipment, scholarships, sponsor events or field trips
- [ ] Other _____

### RECIPROCAL ACTIVITY

**What type(s) of school mutual activities will this partnership provide (check all that apply)**

- [ ] School T-shirt & spirit items
- [ ] Recognition on marquee, newspaper, web site, etc.
- [ ] Musical performances for partner
- [ ] Assist with company special events
- [ ] Communication of school events
- [ ] Invitations to special school programs
- [ ] Notes from students
- [ ] Free tickets to school events & programs
- [ ] Appreciation programs
- [ ] Specific feedback regarding impact of partnership on students and school
- [x] Display of recognition banner consistent with policy 7.151. By signing below, the business partner acknowledges receipt of a copy of policy 7.151, represents that he/she has read and understood it and specifically acknowledges and agrees to the provisions of paragraphs 2.B. and 2.C.
- [ ] Other _____

The above business (organization) and educational facility do hereby agree to create an educational partnership which will enhance and improve the quality of education and meet the needs of the students, educators, and the community.

_Signature of Business Partner_    Date __8/13/2012__    _Signature of Superintendent or Principal_    Date

Submit ▼   Go

PBSD 1570 (Rev. 9/27/2010) ORIGINAL - School Office COPY - Business Partner COPY - District Business Partnership Coordinator

# EXHIBIT C [1 of 5]

RULES OF THE SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA

Title 6Gx50
Chapter 7. Facilities and Operations
Section 7.151

## Policy 7.151  Business Partnership Recognition - Fence Screens

1. **Purpose**. -- The District recognizes that athletic sponsors and other business partners provide a vital role in sponsorship of key programs within our schools. As such, schools have increased needs to visibly recognize these partners in the community. In the interests of community aesthetics and in consideration of local ordinances that may prohibit or restrict banners and advertising, these uniform standards have been developed. By permitting the recognition of business partners on school campuses, it is not the intent of the School Board to create or open any Palm Beach County School District school, school property or facility as a public forum for expressive activity, nor is it the intent of the School Board to create a venue or forum for the expression of political, religious, or controversial subjects which are inconsistent with the educational mission of the School Board or which could be perceived as bearing the imprimatur or endorsement of the School Board.

2. **Policy Statement.**

   a. A Business Partnership Agreement form (PBSD 1570) must be used to document all partnerships as well as any screens posted to recognize sponsor donation revenue. A copy of this form is incorporated herein by reference as part of this policy and can be located on the District's forms web page.

   b. Because the screens are not considered advertising, the business partner must be informed and fully understand and agree that any funds provided to the school are considered donations.

   c. In case the screens must be removed for reasons beyond the school's control, such as safety, regulatory requirements, weather events, etc., no commitments will be made to a specific timeframe or location for screen display. Yet, the school may indicate a maximum timeframe for the display of the screen.

   d. Screens must not be placed on City or County property; only on School Board-owned property.

   e. Fence screens must be removed prior to tropical storms or a hurricane event, at the time a Storm Watch is declared. If the fence screen becomes torn or detached from the fence, the Principal shall ensure that it is repaired in a timely fashion.

   f. Any fence screens to be mounted on exterior fences must involve consultation with (i) School Police regarding any potential safe-sight concerns, and (ii) the Planning Department to determine if there are any municipality-specific Interlocal Agreements (currently Boca Raton is the only municipality with such an agreement), regulations or prohibitions.

   g. Screens placed along a residential road with houses or other residential dwellings fronting across the street, must cover no more than 50% of the fence frontage.

   h. In keeping with the express purpose of this Policy not to create or open schools as a public forum for expressive activity, Principals shall use their discretion in selecting and approving business partners that are consistent with the educational mission of the School Board, District and community values, and appropriateness to the age group represented at the school. Examples of inappropriate business partners include but are not limited to: businesses that sell goods or services which are illegal if possessed by or sold to a minor, adult entertainment establishments, businesses whose primary source of revenue is generated from the sale or distribution of alcohol or tobacco products, tattoo parlors, pain clinics and businesses soliciting addicts.

**EXHIBIT C [3 of 5]**

i.   School marquees, whether electronic or manual, shall not be used to advertise or permanently reference business partner recognition; however, they may be used to thank a business partner for a specific one-time support of an event or donation to the school for a specific project.

j.   In the unincorporated areas, the design standards set forth below in Paragraph 3 operate as a pilot program until June 30, 2011, as provided for by Chapter 1002.375, Florida Statutes. School center staff can determine whether they are located in the unincorporated area by visiting the Planning department's website and clicking on Find My Public Official (The column titled Municipality will show as Unincorporated.)

k.   Nothing herein precludes negotiation of customized standards with an individual Municipality or with the County via an Interlocal Agreement in coordination with the Planning Department.

3.   **Design Standards:** Any method of recognition of business partners on fence screens that is substantially visible from outside School Board-owned property shall meet the following standards:

a.   The text must be printed on fence wind screens placed on fences to camouflage the chain link. For safety in high winds, screens are recommended at 85 closed mesh material for wind resiliency.

b.   The fence screens must all be uniform in size and color. The suggested size coincides with the height of the fence, up to a maximum of 6' high and width of each panel 10' wide. Only two colors may be selected (for example, school colors). The background/screen color and font color used on all screens must be consistently the same color and font style to ensure uniformity. Font size must not exceed 8".

c.   Side-by-side banners must not be used to create longer messages.

d.   Screens must be placed side-by-side (abutting one another), at a uniform height, aligned with the top rail of the fence, for a neat uniform appearance.

e.   The fence screen must thank the sponsor (Suggested language is: Thank you to our business partner or This school is supported by).

f.   No photographs shall be printed on the screens. The business logo may be displayed in the upper left corner of the screen, but it must be no larger than 18" by 18" in size, and may use the business partner's standard corporate colors for the logo only, or in the same color as the font used for the other printed text on the screen.

g.   Unless purchased by the business partner as stated below, the school must utilize the District's bid awarded vendor for fence wind screens and follow the District procedures to place an order with the vendor. Prices vary by screen size and quantity of order. The amount donated by the business partner must exceed the District's cost and provide adequate funding for an important program or activity at the school. As an alternative, the business partner may purchase a fence screen from the vendor of their choice, provided that the design provisions of this policy are followed.

h.   Any banners or screens hung in areas not substantially visible from the street are exempt from these design standards. In addition, these design standards do not apply to temporary signs concerning school related events.

STATUTORY AUTHORITY:     Fla. Stat. §§ 1001.41(2); 1001.42(25); 1001.43(4)

LAWS IMPLEMENTED:     Fla. Stat. §§ 1001.42(11); 1001.43(4) & (5), 1001.51(4)

HISTORY:     1/12/2011

EXHIBIT C [4 of 5]

# Boca Raton Community Middle School

## 1251 NW 8th Street Boca Raton Fl. 33486
Phone (561) 416-8700   Fax (561) 416-8777

**Athletic Director, Gerald Burke**
gerald.burke@palmbeachschools.org
Phone (678) 200—0230

## _Partners in Education_

## _Banner(Fence Screen) Price List_

**Main Parking Lot** - **$400 (including sign) $325** (renewal)

4 x 8 green mesh sign with yellow writing

**Field** (backstop facing stands) - **$250**(including sign) **$175 (renewal)**

3 x 7 green mesh sign with yellow writing

**\*Please make checks payable to Boca Raton Community Middle School.**

**\*Our Student athletes thank you for your continued support!**

# EXHIBIT C [5 of 5]

**DAVID B. MECH**
2901 CLINT MOORE RD APT 319
BOCA RATON, FL 33496-2041

**1001**

63-8419/2670
989

Date _8/15/2013_

Pay to the
Order of _Boca Raton Community Middle School_ | $ _400.00_

_Four hundred 00/100_ _____ Dollars

## PNCBANK
PNC Bank, N.A.    001

For _Banner Fence also - Hobbit a Math_                MP

⑈ 2670841 99⑈   ■■■■■5142 ⑈   1001

Harland Clarke

**Approved Proofs of Plaintiff's Math Tutoring Banners That Were Removed by the Defendants (EXHIBIT D)**



Approved Proof – Omni Middle School



Approved Proof – Spanish River Community High School



Approved Proof – Boca Raton Community Middle School



The Happy/Fun Math Tutor (Boca Raton Community Middle School)




# Omni Middle School

5775 Jog Road Boca Raton, Florida 33496   (561) 989-2800 Fax (561) 989-2851
E-Mail: omnims@palmbeachschools.org   Website: www.omnimiddle.org

## Gerald L. Riopelle, Principal

Gregory Bridges, Asst. Principal
Michael Crum, Asst. Principal

Luene B. Torner, Asst. Principal
Melissa White, ESE/Gifted Coordinator

BY CERTIFIED MAIL #
7012 2920 0001 9606 5344

David Mech
The Happy/Fun Math Tutor
2901 Clint Moore Rd., #319
Boca Raton, FL 33496

Dear Mr. Mech,

This letter is to inform you that pursuant to School Board Policy 7.151, I have decided that it is no longer appropriate to display The Happy/Fun Math Tutor banner at Omni Middle School and that it will be removed by February 7, 2013.

My decision is based on the fact that in addition to being the principal of The Happy/Fun Math Tutor, you are also the managing member of Dave Pounder Productions LLC, an adult film production and distribution company.

School Board Policy 7.151(2) (h) provides:

> In keeping with the express purpose of this Policy not to create or open schools as a public forum for expressive activity, Principals shall use their discretion in selecting and approving business partners that are consistent with the educational mission of the School Board, District and community values, and appropriateness to the age group represented at the school. Examples of inappropriate business partners include but are not limited to: businesses that sell goods or services which are illegal if possessed by or sold to a minor, adult entertainment establishment, businesses whose primary source of revenue is generated from the sale or distribution of alcohol or tobacco products, tattoo parlors, pain clinics and businesses soliciting addicts.

I have determined that your position with Dave Pounder Productions, together with the fact that Dave Pounder Productions utilizes the same principal place of business and mailing address as The Happy/Fun Math Tutor creates a situation that is inconsistent with the educational mission of the Palm Beach County School Board and the community values.

In the event that you would like to claim the Happy/Fun Math Tutor banner, you may make arrangements in advance to do so by calling Omni Middle School.  If you do not make arrangements to pick up the banner within fifteen (15) calendar days from the date of this letter, we will dispose of the banner.

Sincerely,

Gerald L. Riopelle
Principal

C:      Connie Tuman-Rugg, Area Superintendent

"The School District of Palm Beach County prohibits discrimination against students, employees, and applicants on the basis of religion, race, ethnicity, national origin, color, sex, marital status, age, parental status and disability in any of its educational activities and services and employment practices."

Palm Beach County Schools - Rated "A" by the Florida Department of Education 2005 – 2012
"Home of Florida's first LEED Gold Certified School"
www.palmbeachschools.org
The School District of Palm Beach County is an Equal Education Opportunity Provider and Employer

# EXHIBIT F

## Spanish River Community High School

*5100 Jog Road    Boca Raton, Florida 33496*
*Phone: (561) 2412200    Facsimile: (561) 2412236*

David Mech
The Happy/Fun Math Tutor
2901 Clint Moore Rd., #319
Boca Raton, FL 33496

This letter is to inform you that pursuant to School Board Policy 7.151, I have decided that it is no longer appropriate to display The Happy/Fun Math Tutor banner at Spanish River High School and that it will be removed by February 11, 2013.

My decision is based on the fact that in addition to being the principal of The Happy/Fun Math Tutor, you are also the managing member of Dave Pounder Productions LLC, an adult film production and distribution company.

School Board Policy 7.151(2)(h) provides:

> In keeping with the express purpose of this Policy not to create or open schools as a public forum for expressive activity, Principals shall use their discretion in selecting and approving business partners that are consistent with the educational mission of the School Board, District and community values, and appropriateness to the age group represented at the school. Examples of inappropriate business partners include but are not limited to: businesses that sell goods or services which are illegal if possessed by or sold to minor, adult entertainment establishments, businesses whose primary source of revenue is generated from the sale or distribution of alcohol or tobacco products, tattoo parlors, pain clinics and businesses soliciting addicts.

I have determined that your position with Dave Pounder Productions, together with the fact that Dave Pounder Productions utilizes the same principal place of business and mailing address as The Happy/Fun Math Tutor creates a situation that is inconsistent with the educational mission of the Palm Beach County School Board and the community values.

In the event that you would like to claim the Happy/Fun Math Tutor banner, you may make arrangements in advance to do so by calling Spanish River High School. If you do not make arrangements to pick up the banner within fifteen (15) calendar days from the date of this letter, we will dispose of the banner.

Sincerely,

William R. Latson, Ed.S
Principal



EXHIBIT G [1 of 5]

February 25, 2013

David Mech
d/b/a The Happy/Fun Math Tutor
2901 Clint Moore Road #319
Boca Raton, FL 33496

E. Wayne Gent
Superintendent
The School District of Palm Beach County
Fulton-Holland Educational Services Center
3300 Forest Hill Boulevard
West Palm Beach, FL 33406
*Sent United States Certified Mail*

Dear Mr. Gent,

I am writing to you in response to letters I received during February 2013 from Gerald Riopelle and William Latson, the respective principals of Omni Middle School and Spanish River Community High School, regarding their decision to breach our advertising contracts by removing my 'Happy/Fun Math Tutor' banner advertisement from the fence at their respective school. My banner advertisement was also removed from Boca Raton Community Middle School, but I have yet to receive a letter from the principal there, Peter Slack. Unfortunately, the decisions to remove my banner advertisements were not justified for reasons including, but not limited to, the following:

1. The Happy/Fun Math Tutor does not meet **ANY** of the explicit terms that the principals cited in School Board Policy 7.151(2) (h). The business is age-appropriate, consistent with community values, and most definitely consistent with the educational mission of the school district and school board. It is not an adult entertainment company; it does not generate income from the sale or distribution of alcohol or tobacco products; it is not a tattoo parlor; it is not a pain clinic; it is not a business that solicits addicts; and it does not sell goods or services that are illegal if possessed by a minor.

2. The Happy/Fun Math Tutor is a **completely separate entity** from Dave Pounder Productions LLC, with different federal tax identification numbers, phone numbers, email addresses, websites, etc.

3. The common business address that was referenced in the principals' letters is simply a mailing address for all the businesses in which I hold an interest, including my real estate business. If the school district has an issue with similar mailing addresses, I am happy to change the mailing address for The Happy/Fun Math Tutor to another address that is different from Dave Pounder Productions LLC.

4. The Happy/Fun Math Tutor is a mobile math tutoring service, which meets clients at their homes or public libraries or cafes. There is no "on-site" tutoring at any location that I own, and therefore no link or client exposure to my other businesses, including Dave Pounder Productions LLC.

5. Even more significantly, Dave Pounder Productions LLC is no longer involved in the production of adult video content. The company is still active because it's producing a mainstream documentary about the adult industry (which has already been accepted into 5 mainstream film festivals for 2013, with more screenings added each month – see *www.RiskyBusinessTheMovie.com*) and a book about the economics and psychology of human sexuality, which has been endorsed/blurbed by several prominent academics

Page 1 of 5

EXHIBIT 6 [2 of 5]

and is going to be distributed by Amazon.com, a mainstream company.  All projects currently underway at Dave Pounder Productions LLC are mainstream projects and not tied to any explicit adult content beyond what is already commonly depicted in conventional R- or PG-13 rated programming.

6. In January 2011, the Miami-Dade Public School District suspended and subsequently fired Shawn Loftis, a teacher at Nautilus Middle School, when the principal learned of his past experience as a producer and performer in gay adult films[1]. In April, 2011, his teaching certification was revoked. Mr. Loftis successfully challenged the dismissal.  On March 9, 2012, the Florida Education Practices Commission in Orlando ruled that Mr. Loftis can go back to teaching.  "A part-time teacher's gay porn past isn't reason enough to keep him out of the classroom," according to Florida education officials. "He could even turn it into a full-time job," the commission decided. The commission said his past pursuits were not illegal and the school did not have the authority to dismiss him on that basis. That said, if the Florida Education Practices Commission ruled that it is acceptable for a person with an adult media past to be employed by the school district and to teach in the classroom, then how can The School District of Palm Beach County argue that my math tutoring banner is inappropriate?

7. Banner advertisements for 'The Happy/Fun Math Tutor' were initially approved on 5/6/2011, 5/18/2011, and 8/15/2012 at Omni Middle School, Boca Raton Community High School, and Boca Raton Community Middle School, respectively.  Further, several advertisements were taken out in the student newspaper of Spanish River Community High School for a period beginning in January of 2011.  The Happy/Fun Math Tutor has been successfully advertising for well over two years at Palm Beach County Schools without any incident.

8. The principals' letters claim that my 'Happy/Fun Math Tutor' business is inconsistent with the educational mission of the Palm Beach County School Board.  Yet, there are banner advertisements at the schools for non-educational businesses, including auto repair and roofing companies.  How can the school honestly argue that a roofing company or auto repair shop, but not a math tutoring company, is consistent with the *educational* mission of the school and school board?

9. The 'Happy/Fun Math Tutor' banner advertisements were initially approved by all of the schools. Each school had plenty of time to do their due diligence prior to approving the advertisements, and none of the schools had an issue with the advertisements at that time.  If the school district is concerned about the nature of other businesses owned by their advertisers, why doesn't the school district have a policy to cross-check the public records for other companies owned by advertisers prior to approving the advertisements and entering into contracts?  If the school district were to implement such a policy, I trust it would be consistent and thorough by also checking the public records to ensure advertisers don't have, or are associated in any way with, lawlessness, including speeding tickets, DUIs, marijuana possession, etc., as those public records "links" would clearly be inconsistent with the educational mission of the school board.

10. It is not uncommon for mainstream companies to have ties to the production and distribution of adult media. For example, Marriot Hotels, DirectTV, and many other mainstream companies derive significant revenues from adult content.  Is the school board going to prevent the Boca Raton Marriott from running a banner ad because it offers in-room adult content?  Can the local video store not advertise at a school because one of its sister stores may have a small room in the back containing adult videos?  Is the school board going to relieve teachers who own shares of stock in Playboy?  Can a local Publix grocery store not advertise because they carry beer, wine, and tobacco products? Of course not.  In each of these instances, the hypothetical entity advertising at the school derives revenues directly from adult content, yet I trust

Page 2 of 5

EXHIBIT G [3 of 5]

would not be prohibited from taking a banner advertisement at the school. As with my case, ownership in a completely unrelated business has nothing to do with advertising a math tutoring service at a local school.

11. The principals' letters mentioned that the "link" (via mailing address) between two of my companies somehow violates "community values" because one of those companies, Dave Pounder Productions LLC, produced adult media. However, I'm not sure if the principals are aware, but our community (i.e., the City of Boca Raton) does not have a problem with adult media businesses. The parent companies of both Penthouse Magazine and AdultFriendFinder.com[2], both very large adult entertainment companies, call Boca Raton their homes. I contend that the type of adult content that Dave Pounder Productions LLC produced is well within acceptable community values for the City of Boca Raton and Palm Beach County as a whole, most especially since South Florida is the second largest producer of adult content in the world, second only to Los Angeles. Regardless, the banner advertisements I would like to maintain are for a math tutoring business, not an adult media business.

12. Given the nature of my business (i.e., math tutoring) and my mobile geographic tutoring proximity (North to Linton Blvd., South to Glades Road, West to Lyons Road, and East to Military Trail), Omni Middle School and Spanish River Community High School are both critical advertising locations for my business, since all of the students (i.e., prospective clients) living in my tutoring proximity are zoned to those schools. It would be very difficult for me to successfully run my math tutoring business, secure new clients and ultimately earn a living without having equal advertising opportunity at these public schools.

13. As a tax paying resident of the City of Boca Raton and Palm Beach County, and as an owner of multiple properties in Boca Raton, all of which pay real estate taxes to specifically fund both Omni Middle School and Spanish River Community High School, I am unwilling to accept that I am being harassed by The School District of Palm Beach County based solely upon my association to a completely independent, unrelated and perfectly lawful business that I own.

14. The School District of Palm Beach County is a public entity, and therefore cannot violate the first and fourteenth amendments. The principals' decisions to specifically target me, in addition to their preemptive, arbitrary, and unilateral decisions to remove my math tutoring banner advertisements, without ever consulting me, potentially have some first and fourteenth amendment implications, specifically regarding freedom of speech, freedom of expression, freedom of association, and my rights to due process and equal protection under the law. Further, the principals' actions potentially subject the school district to liability for lost income and other damages as a result of the contract breaches and the larger civil rights issues surrounding their decisions.

15. In Allgeyer v. Louisiana[3], 165 U.S. 578 (1897), a landmark United States Supreme Court case in which a unanimous court struck down a Louisiana statute on grounds that it violated an individual's "liberty to contract," a unanimous court held for Allgeyer. Associate Justice Rufus Peckham authored the opinion of the court, "The 'liberty' mentioned in [the Fourteenth] amendment means not only the right of the citizen to be free from the mere physical restraint of his person, as by incarceration, but the term is deemed to embrace the right of the citizen to be free in the enjoyment of all his faculties, to be free to use them in all lawful ways, to live and work where he will, to earn his livelihood by any lawful calling, to pursue any livelihood or avocation, and for that purpose *to enter into all contracts which may be proper, necessary, and essential* to his carrying out to a successful conclusion the purposes above mentioned." [Emphasis added.] This was the first case in which the Supreme Court interpreted the word liberty in the Due Process Clause of the Fourteenth Amendment to mean *economic* liberty. By arbitrarily removing my math

Page 3 of 5

**EXHIBIT G (4 of 5)**

tutoring banner advertisements from the public school system, the school district is deliberately interfering with my right to access and contract with new clients.

16. Prior to the banners being removed by the School District, The Happy/Fun Math Tutor received approximately four new tutoring clients per month from each banner advertisement. This data is gathered from the "Schedule a Session" form, which all new clients are required to fill out, located on the company website (www.HappyFunMathTutor.com). After an initial session, approximately 75% of these students decide to purchase long-term subscription plans (either 10 hours @ $550, or 20 hours @ $1,000), and about 75% of those clients continue to renew their subscription plans for several periods or indefinitely. As such, The Happy/Fun Math Tutor conservatively values a new client at approximately $2,500; and therefore, each banner is valued at $10,000 per month in long-term value to the business.

17. The letters I received from the principals called for me to pick up my respective banner within fifteen (15) calendar days, otherwise it would be discarded. I picked up the banners within the requested timeframe, but understand that my decision to pick up of the banners should not be construed by the school district as an acceptance of the principals' decision to remove them. Rather, I am picking up the banners solely to prevent them from being discarded. I will return the banners to their respective schools should I prevail in my fight to keep them up, as there is absolutely no legal reason why they should not be there.

On another, but no less significant note, I have gained many loyal customers from my banner advertisements at Omni and Boca Raton Community Middle Schools. The kids and parents are very happy with their tutoring service, and most have retained me as their tutor when their kids continued on to high school and even local colleges. I am happy to provide dozens of references of highly satisfied clients. If the school district is ultimately successful in censoring my banner advertisement, who really loses here? Our country faces proficiency issues in math and science, and my business is providing a service that helps kids learn and become successful. My company also offers in-home and online tutoring, in addition to late and weekend hours for working professionals and other clients who require scheduling flexibility. Why would the school board want to try to prevent a company from helping students achieve higher math aptitude? Think about it. It just doesn't make any sense.

Further, I can understand how the school district may be concerned about adult-related matters in any capacity, given all the horrific stories in the news these days. However, there is absolutely no data to support that owners of legitimate adult film companies are in any way associated with these tragedies. Any aversion that people may have to the legitimate adult entertainment industry is simply based on ignorance of the business, its practices and procedures. I'm a highly educated and ethical individual, with perfect credit history, absolutely no criminal background, and a desire to do good for the community in which I live. Certain people may not like the nature of some of my other businesses, but they are all perfectly lawful, and nobody gets hurts by the product. Think about all the people who have died from drunken driving, tobacco, etc. Many schools within the district have banner advertisements for companies such as Maggiano's Little Italy (offers alcohol) and Duffy's, which is a sports bar that primarily serves alcohol (seems like a violation of School Board Policy 7.151(2)(h)!). Yet, nobody has ever died from an overdose of adult media. Despite these facts, it's perfectly acceptable for the school district to accept banner advertisements from companies that *directly* offer alcohol but to deny my ability to advertise due to an *indirect* association to an adult entertainment company? Last time I checked, adult entertainment and alcohol (along with tobacco, gun ownership, and many other related products) fall under the same category – they are all products for adults (but not kids) to legally purchase. Why, then, the difference in preferential treatment toward advertisers within the same category of products? Why more hostility toward a company with an indirect link to adult media compared to other companies with direct links to alcohol?

EXHIBIT 6 [5 of 5]

One might argue that adult media is "morally" unacceptable. The problem with this line of reasoning is that, unlike the law, one's definition of morality is completely subjective. Some parents may consider adult media businesses and those who work within them to be morally deficient. Others may consider same-sex couples or interracial couples to be morally deficient (recall that in the 1980s, teachers who were accused of being gay were sought after and fired). Many vegans consider those who eat meat to be morally deficient. There is clearly no objective barometer of morality. Therefore, if my math tutoring banner is to be removed because some parents might have personal moral objections to my unrelated adult media business, then the vegan community should correspondingly have valid claims to remove the banner advertisements of restaurants and other advertisers who have indirect ties to companies that may violate the personal morality of vegans. Where does it end? Doesn't the school district value that we live in a pluralistic society with many different values? Why unfairly target my math tutoring business as a result?

In summary, the School District's claim that my math tutoring advertisements at Omni Middle School, Spanish River Community High School, and Boca Raton Community Middle School are not appropriate is without merit for reasons including, but not limited to, those described above. As such, I demand that the School District of Palm Beach County come back into compliance with the advertising contracts and immediately return my 'Happy/Fun Math Tutor' banners to the fences at their respective schools. Further, I demand either a contract extension or $10,000 in lost income per school for each month the banners are not displayed during the academic year. If the arguments contain herein have not persuaded you, I welcome the opportunity to personally meet with you and/or the school board to have an honest conversation about your concerns. I'm certain I can put any concerns you may have to rest. While I am confident this matter can be settled amicably, I will not rest on my rights and will pursue all legal remedies if necessary. As such, failure to comply or respond sufficiently to this letter within fifteen (15) calendar days will result in a federal lawsuit against the school district for breach of contract, loss of income, harassment, and specific performance, also citing first amendment, equal protection and due process violations. I look forward to your response.


Respectfully,



David Mech
Owner, Happy/Fun Math Tutor
www.HappyFunMathTutor.com


CC:
Constance Tuman-Rugg, Area Superintendent, The School District of Palm Beach County (US First Class Mail)
Gerald Riopelle, Principal, Omni Middle School (United States First-Class Mail)
William Latson, Principal, Spanish River Community High School (United States First-Class Mail)
Peter Slack, Principal, Boca Raton Community Middle School (United States First-Class Mail)

---

[1] http://www.nydailynews.com/news/national/florida-teacher-shawn-loftis-gay-porn-job-back-article-1.1037132
[2] http://finance.yahoo.org/q/pr?s=FFN+Profile
[3] http://en.wikipedia.org/wiki/Allgeyer_v._Louisiana

EXHIBIT H (1 of 6)



THE SCHOOL DISTRICT OF
PALM BEACH COUNTY, FLORIDA

OFFICE OF GENERAL COUNSEL TO THE SCHOOL BOARD
3300 FOREST HILL BOULEVARD, C-323
WEST PALM BEACH, FL 33406-5813

(561) 434-8500   FAX: (561) 434-8105

**SHERYL G. WOOD, ESQ.**
GENERAL COUNSEL

**E. WAYNE GENT**
SUPERINTENDENT

**CHUCK SHAW**
CHAIRMAN
**DEBRA L. ROBINSON, M.D.**
VICE CHAIRMAN

**MARCIA ANDREWS**
**FRANK A. BARBIERI, JR., ESQ.**
**KAREN BRILL**
**JENNIFER PRIOR BROWN, ESQ.**
**MIKE MURGIO**

March 15, 2013

David Mech
The Happy/Fun Math Tutor
2901 Clint Moore Rd., #319
Boca Raton, FL 33496

Dear Mr. Mech:

Your letter dated February 25, 2013 to Superintendent E. Wayne Gent has been received and reviewed by the administration and my staff. Notwithstanding the plethora of arguments and issues raised in your letter, we are convinced that the removal of your banners at Spanish River High School, Omni Middle School and Boca Raton Middle School was proper and well within the authority of the respective principals.

The principal's discretion in this matter is fully supported by Section 1 of School Board Policy 7.151 which reads in part:

> By permitting the recognition of business partners on school campuses, it is not the intent of the School Board to create or open any Palm Beach County School District school, school property or facility as a public forum for expressive activity, nor is it the intent of the School Board to create a venue or forum for the expression of political, religious, or controversial subjects which are inconsistent with the educational mission of the School Board or which could be perceived as bearing the imprimatur or endorsement of the School Board.

Additionally, Section 2.h. provides:

> In keeping with the express purpose of this Policy not to create or open schools as a public forum for expressive activity, Principals shall use their discretion in selecting and approving business partners that are consistent with the educational mission of the School Board, District and community values, and appropriateness to the age group represented at the school. Examples of inappropriate business partners include but are not limited to: businesses that sell goods or services which are illegal if possessed by or sold to a minor, adult entertainment establishments, businesses whose primary source of revenue is generated from the sale or distribution of alcohol or tobacco products, tattoo parlors, pain clinics and businesses soliciting addicts.

The connection between the Happy/Fun Math Tutor and Dave Pounder Productions was brought to the attention of the school administration by multiple parents who expressed great concern over the potential for the students using your tutoring services to become subjected to your adult entertainment business. Given that parents within the community have already made the connection between your tutoring business and your adult entertainment business, the principals had no choice but to remove your banners.

EXHIBIT H [2 of 2]

Your letter makes a number of references to your "contract" with the schools for display of your banner, however as School Board Form 1570 that you completed and signed at Boca Raton Middle School reflects (copy enclosed), you acknowledged that you had received, read and understood School Board Policy 7.151, which provides that "any funds provided to the school are considered donations." Given that the funds paid represented a donation, you have no "contract" rights on which to sue. Furthermore specifically with respect to Omni Middle School, the information provided to me indicates that your Business Partnership with that school expired on September 1, 2012 and was not renewed for the current year.

In conclusion, your demands set forth in the last paragraph of your letter are hereby rejected. In the event that you choose to file suit, the School Board will vigorously defend itself from all claims.

Please govern yourself accordingly.

Sincerely,

*Sheryl G. Wood*

Sheryl G. Wood
General Counsel

SGW:BRL:dwf

c:   E. Wayne Gent, Superintendent
     Janis Andrews, Chief Academic Officer
     Connie Tuman-Rugg, Area Superintendent
     William Latson
     Gerald Riopelle
     Peter Slack

**EXAMPLES OF NON-COMPLIANT ADVERTISING AT PUBLIC SECONDARDY SCHOOLS IN PALM BEACH COUNTY, FL**

*Photographs Taken 3/25/2013*





Journey *Church* – Direct Advertisement of Religious Organization

[violation of School Board policy 7.151(1)]



Miller's *Ale* House – A direct advertisement for a sports bar that primarily serves alcohol, which cannot be lawfully possessed by or sold to minors – [violation of School Board policy 7.151(2)(h)]



Maggiano's Italian Restaurant – An advertisement for a company who directly sells alcohol, which cannot be lawfully possessed by or sold to minors. - [violation of School Board policy 7.151(2)(h)]

EXHIBIT J [1 of 3]

DAILY NEWS PHOTOGRAPHERS

CLICK TO SEE GALLERY

/ SIGN IN

Tuesday, March 26, 2013

NYDailyNews.com / US

Search site

SITE   WEB   BLOGS

politics   sports   showbiz   opinion   living   photos   video   autos

/13

*More of News :*   U.S   WORLD   DESI   CRIME   THE WEEK   NEWS PICS   BLOGS

US

# Florida teacher, Shawn Loftis, with gay porn past gets job back

Commission rules school was wrong for firing substitute teacher

BY MICHAEL SHERIDAN / NEW YORK DAILY NEWS

SUNDAY, MARCH 11, 2012, 2:24 PM

Comments ( 13 )

33   12   0



MODELL'S SPORTING GOODS

2 FOR $35

Gotta Go To Mo's

VIEW & SHOP

MOST POPULAR

MOST READ     MOST SHARED

1   Blackmailed professor kills self after scam

2   Gabby Giffords' husband tries to save

EXHIBIT J [2 of 3]

3/26/13

www.nydailynews.com/news/national/florida-teacher-shawn-loftis-gayporn-job-back-article-1.1037132

Loftis — who starred in gay porn films under the name Collin O'Neil — was teaching at Nautilus Middle School when the principal learned of his past, according to WPLG 10 News.

He could even turn it into a full-time job, the commission decided.

Shawn Loftis, who was booted from the Miami-Dade public school system last year, can go back to teaching, the Florida Education Practices Commission in Orlando ruled Friday.

A part-time teacher's gay porn past isn't reason enough to keep him out of the classroom, according to Florida education officials.

**Shawn Loftis, a substitute teacher who worked in several Miami-Dade County public schools, can go back to teaching after a commission reversed a decision to fire him for over his gay porn past.**

Florida teacher, Shawn Loftis, with gay porn past gets job back - NY Daily News



CBS 4 NEWS

3 Rescue dog saves trapped hiker on mountain

4 Teacher busted paying student to delete cellphone pics of him fondling her

5 Daughter slept with mother's corpse for eight months

6 Knox 'incredibly sad' after court overturns acquittal

7 Baby left in car with 'call me' note sparks anger

8 Suspect and victim led secret lives

9 10-year-old N.C. boy killed by father when gun accidentally discharges during cleaning

10 Former tennis pro sentenced for keeping slaves

baby sea lion from dog attack - video

Sprint

BUY ONE TORQUE, GET FOUR FREE.
For your business.
· Smart Sonic receiver
· Instant push-to-talk network
· 4G LTE

SHOP NOW
Restrictions apply.



EDITORS' PICKS

EXHIBIT J [3 of 3]

Florida teacher, Shawn Loftis, with gay porn past gets job back - NY Daily News

The district suspended the substitute in January 2011, then his teacher's certification was revoked in April, despite the fact that he'd left his porn career behind.

The commission said his past pursuits were not illegal and the school did not have the authority to dismiss him on that basis. Loftis also argued that he hoped to use his role as a teacher to help guide students away from making the choices he had made.

Loftis, a popular CNN iReporter, is not completely out of the woods. The commission stated he must remain on probation for two years, WKMG 6 News reported.

msheridan@nydailynews.com; or follow him at Twitter.com/NYDNSheridan

POST A COMMENT »

## ARTICLES AND OFFERS FROM AROUND THE WEB



Is Obama's latest tax screw up grounds for impeachment? Poll now



Boca Raton : New trick allows Florida drivers to get auto insurance as low as $9



Boca Raton locals have discovered a simple solution to joint relief....



Myrtle Beach on sale. Rates as low as $44 per night & package specials at select resorts.

Stocks soar–but some wealthy citizens are preparing for the "End of America." Here's why....

Advertisement

### 'Craigslist killer' gal: He's still my guy
The fiancee of accused "Craigslist killer" Philip Markoff professed her love and support for him Monday even as a new

### Baby left in car with 'call me' note sparks anger
A mother who left her baby alone in a parked car with a note instructing passersby to call 'if I need anything

### Suspect and victim

### Texting teen charged in death
A teenager accused of texting while driving was charged yesterday with killing a Chinese restaurateur she ran over

### Former tennis pro sentenced for keeping slaves
A former tennis pro accused of fraudulently bringing four children from the African nation of Togo







## COMMENTS

Comments (13)          See All Comments          [Discussion Guidelines]

# EXHIBIT K

**ADVERTISING EXAMPLES THAT DO NOT MEET *EDUCATIONAL* MISSION OF PALM BEACH COUNTY SCHOOL BOARD**

*Photographs Taken 3/25/2013*



Atlas Roofing – A roofing company



Parkland Auto, Inc. – A car dealership



Blow and Go - A hair salon