UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80437-CIV-MARRA

DAVID BENOIT MECH
d/b/a/ THE HAPPY MATH TUTOR,

    Plaintiff,

vs.

SCHOOL BOARD OF PALM BEACH COUNTY,

    Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant's Motion to Dismiss Amended Complaint and Motion to Strike (DE 17) ("Motion"), *pro se* Plaintiff's Response (DE 18), and Defendant's Reply (DE 19). This matter is now ripe for review. For the reasons stated below, the Motion is **GRANTED IN PART and DENIED IN PART**.

**I. Background**

On April 30, 2013, Plaintiff David Benoit Mech initiated this case against Defendants the School Board of Palm Beach County, the School District of Palm Beach County, and E. Wayner Gent, Constance Tuman-Rugg, Gerald Roipelle, William Latson, and Peter Slack, in their official capacities. (DE 1). On June 3, 2013, Defendants moved to dismiss. (DE 14). Plaintiff filed his Amended Complaint on June 17, 2013. (DE 15). This time Plaintiff named only the School Board of Palm Beach County, Florida as the Defendant. *Id.* Plaintiff alleges that he provides a math tutoring service to students in the sixth grade and older under the fictitious bushiness name "The Happy/Fun Math Tutor." *Id.*, ¶¶ 13-14. Plaintiff had contracts with the Omni Middle School, Boca

Raton Community Middle School, and Spanish River Community High School to place banners on the schools' fences to advertise The Happy/Fun Math Tutor. *Id.*, ¶¶ 23-25.

Plaintiff alleges that he has several other separate businesses, including Dave Pounder Productions LLC ("DPP"). *Id.*, ¶¶ 17-22. In the past, DPP had produced explicit adult media. *Id.* Plaintiff avers that, in February 2013, the School Board breached the advertising contracts with him by removing the banners. *Id.*, ¶ 28. The School Board's position was that Plaintiff's affiliation with DPP made it inappropriate for The Happy/Fun Math Tutor to advertise at the schools, and that these advertisements violated School Board Policy 7.151. *Id.*, ¶¶ 29-32. School Board Policy 7.151 states, in relevant part, that "[school] [p]rincipals shall use their discretion in selecting and approving business partners that are consistent with the educational mission of the School Board, District and community values, and appropriateness to the age group represented at the school." *Id.*

Plaintiff brought claims under 42 U.S.C. § 1983 for violations of his First Amendment rights (Count I) and his rights to due process and equal protection under the Fourteenth Amendment (Counts II, III), and a breach of contract claim (Count IV). *Id.*, ¶¶ 53-66. Plaintiff seeks declaratory and injunctive relief, and damages. *Id.*

Defendant School Board brought its Motion to Dismiss pursuant to the Federal Rules of Civil Procedure 12(b)(6) and 12(f). Defendant argues that the Court should dismiss Counts I-III "as [they] relate" to the Boca Raton Community Middle School because the principal of this school did not send Plaintiff a letter indicating the reason for removal of the banners. Further, Defendant asserts that Count IV should be dismissed "as it relates" to Omni Community Middle School and Spanish River Community High School because the contracts with these schools attached to the Amended Complaint had expired by the time the alleged breach of contract occurred. Further, Defendant asks

2

the Court to dismiss Plaintiff's request for injunctive and declaratory relief because Plaintiff failed to show that he suffered irreparable harm and because Plaintiff failed to allege the other elements necessary for this type of relief. Lastly, Defendant argues that paragraphs 49 and 52[1] of the Amended Complaint and Exhibit J should be stricken pursuant to the Federal Rule of Civil Procedure 12(f). According to Defendant, paragraph 49, which relates to attorney's fees, should be stricken because Plaintiff is proceeding *pro se*. Moreover, Defendant argues that paragraph 52 and Exhibit J should be stricken because they contain irrelevant allegations and information.

## II. Discussion

**A. Motion to dismiss**

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Overall, a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id.* (internal quotation omitted); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

---

[1] Defendant refers to paragraph 46, but the allegations Defendant seeks to strike are contained in paragraph 52.

(2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

**1. Motion to dismiss claims as they relate to various schools**

**a. Counts I-III**

Defendant asks the Court to dismiss the counts alleging violations of constitutional rights "as such counts relate" to Boca Raton Community Middle School because Plaintiff failed to allege that he received any correspondence from the principal of this school indicating that the banners were removed prior to the expiration of the contract.

To establish a claim under Section 1983 of Title 42, plaintiff must "allege that some person, acting under color of state law, deprived plaintiff of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Blanton v. Griel Mem'l Psychiatric Hosp.*, 758 F.2d 1540, 1542 (11th Cir. 1985). A school board may be sued under Section 1983. *See Monell v. Dep't of Social Serv. of City of New York*, 436 U.S. 658, 699-701 (1978). The only Defendant in the Amended Complaint is the School Board of Palm Beach County. Thus, Plaintiff's failure to allege that he received correspondence from the principal of Boca Raton Community Middle School is not fatal to his claim. Plaintiff has sufficiently pled Counts I-III against Defendant School Board of Palm Beach County. *See* Am. Compl., ¶¶ 7, 53-60.

**b. Count IV**

Defendant further argues that the exhibits attached to the Amended Complaint contradict Plaintiff's allegation that he had an advertising contract with Omni Community Middle School at the time the alleged breach of contract occurred. In particular, Exhibits A and B indicate that the contract had expired by the time Plaintiff's banners were removed. Moreover, Defendant contends that Plaintiff failed to allege any details about his agreement with Spanish River Community High School. Thus, Defendant asks the Court to dismiss the breach of contract claim "as it relates" to Omni Community Middle School and Spanish River Community High School.

Under Florida law, "[t]he elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages." *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999). Plaintiff has alleged that "[a]t all times relevant hereto" he was a "party to multiple advertising agreements with the District, including separate agreements with Omni Middle School, Boca Raton Community Middle School, and Spanish River Community High School," that these agreements were "valid," that Plaintiff has performed, and that in February, 2013 Defendant "has breached the contracts by removing advertisements without valid cause." *See* Am. Compl. ¶¶ 23, 28, 63-65. These allegations fulfill the pleading requirements. Further, the agreement with Boca Raton Community Middle School attached to the Amended Complaint appears to have been in effect in February, 2013. Am. Compl., Ex. C.

Again, the only Defendant in this action is the School Board of Palm Beach County. In the complaint, a plaintiff must only give a fair notice of the claims and set out sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 (internal citations omitted). Plaintiff is not obligated to attached the contract to the

complaint as long as sufficient facts are alleged to enable Defendant to identify the agreement upon which the claim is based. The Court at this stage cannot consider whether Plaintiff has advanced or whether he can potentially advance sufficient evidence to prove his case. The Court also cannot make a ruling as to validity of a contract because Plaintiff cannot present evidence to defeat a motion to dismiss. Thus, Plaintiff has sufficiently pled his breach of contract claim against Defendant School Board of Palm Beach County.

**2. Motion to dismiss Plaintiff's request for declaratory and injunctive relief**

A request for a declaratory judgment is properly pled when it is alleged that: "(1) there is a bona fide dispute between the parties; (2) the plaintiff has a justiciable question as to the existence or non-existence of some right, status, immunity, power or privilege, or as to some fact upon which the existence of such right, status, immunity, power or privilege does or may depend; (3) the plaintiff is in doubt as to the right, status, immunity, power or privilege; and (4) there is a bona fide, actual, present need for the declaration." *Nielson Golden Crab Fishery v. Butterworth*, 10-61091-CIV, 2011 WL 3293357 (S.D. Fla. Aug. 1, 2011).

Further, the elements that must be established for issuance of an injunction are (1) success on the merits; (2) irreparable injury that will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004).

Here, Plaintiff has not pled the necessary elements. Thus, dismissal is proper. However, *pro se* Plaintiff will have leave to amend his requests for declaratory and injunctive relief.

**B. Motion to strike**

Defendant asks the Court to strike Plaintiff's request for attorney's fees in paragraph 49 because Plaintiff has not retained counsel. Additionally, Defendant argues that allegations contained in paragraph 52 and Exhibit J should be stricken as irrelevant. Paragraph 52 of the Amended Complaint alleges that the Miami-Dade School District could not fire a teacher who had been a producer and performer in adult films, and Exhibit J contains an article on this topic.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" within the pleadings. Fed.R.Civ.P. 12(f). Motions to strike, however, are generally disfavored by the courts. *See Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir.1991). The reason is that courts consider striking a pleading to be a "drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir.1962) (quotation omitted).

Here, paragraph 49 of the Amended Complaint states: "[t]o date, Plaintiff has not retained counsel but, if he does, he will seek reasonable attorney's fees under 42 U.S.C. § 1988." Thus, Defendant's argument that Plaintiff's request for attorney's fees should be stricken because Plaintiff has not retained an attorney is premature.

Defendant argues that the allegations about the Miami-Dade teacher are irrelevant because Plaintiff is not an employee of the Defendant, and that discussion of this matter will prejudice Defendant. Whether these allegations have any relevance to this case need not be determined at this time. These allegations and the attached article are not so scandalous or impertinent as to require the drastic remedy of striking. If appropriate at the time of a trial, reference to these matters can be

precluded by order of the Court.

### III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Amended Complaint and Motion to Strike (DE 17) is **GRANTED IN PART and DENIED IN PART**. Defendant's requests to dismiss Counts I-IV, and to strike paragraphs 49, 52 and Exhibit J are **DENIED**. Defendant's request to dismiss Plaintiff's demands for declaratory and injunctive relief J is **GRANTED** with leave to amend. Plaintiff may amend the complaint within 14 days from the date of this Order with respect to the requests for declaratory and injunctive relief only.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of February, 2014.

_____
KENNETH A. MARRA
United States District Judge